TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Deputy Chief, Major Crimes Section
MARIA ELENA STITELER (Cal. Bar No. 296086)
Assistant United States Attorney
Major Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3165/(505) 224-1495
    Facsimile: (213) 894-3713/0141
    E-mail:   Lyndsi.Allsop@usdoj.gov
               Maria.Stiteler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00886-SPG-14 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| YULIETH KATHERINE TEJEDA, aka "ana.kata1992," | |
| Defendant. | **CURRENT TRIAL DATE:** 1/27/2026<br>**PROPOSED TRIAL DATE:** 7/28/2026 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Lyndsi Allsop and Maria Elena Stiteler, and defendant YULIETH KATHERINE TEJEDA ("defendant"), both individually and by and through her counsel of record, Carlos L. Juarez, hereby stipulate as follows:

1. The Indictment in this case was made public on November 18, 2025. (Dkt. No. 67.) Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 5, 2025. (Dkt. No. 71.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 13, 2026. The indictment also charges 18 other individuals who have not yet appeared before a judicial officer of the court in which the charges in this case were pending; many of these other defendants are either fugitives or have been arrested in other countries and not yet extradited.

2. On December 5, 2025, the Court set a trial date of January 27, 2026, and a status conference date of December 24, 2025. (Dkt. No. 71.) The status conference was vacated at the parties' request. (Dkt. No. 76.)

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately four to five weeks. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendant moves to continue the trial date to July 28, 2026, and set the status conference date to July 21, 2026. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with violations of 21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (Count 1); 21 U.S.C. § 963: Conspiracy to Export Cocaine (Count 2); 21 U.S.C. §§ 846, 848(e)(1)(A): Conspiracy to Commit

2

Murder in Connection with a Continuing Criminal Enterprise and Drug Crime and Murder in Connection with a Continuing Criminal Enterprise and Drug Crime (Counts 3-4); 18 U.S.C. § 1512(a)(1)(A), (C), (3)(A), (k): Conspiracy to Tamper with a Witness, Victim, or an Informant and Tampering with a Witness, Victim, or Informant by Completed Murder (Counts 5-6); and 18 U.S.C. § 1513(a)(1)(A), (B), (2)(A), (f): Conspiracy to Retaliate Against a Witness, Victim, or an Informant and Retaliation Against a Witness, Victim, or an Informant by Completed Murder (Counts 7-8).  Discovery in this case is voluminous.  The government is in the process of preparing discovery for the defendant, and, in the interim, and in accordance with Rule 16, has made the discovery available for the defense to view.

   b. Due to the transnational nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery being prepared for the defense, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

   c. Defense counsel for the defendant is presently scheduled to be in the following trials: (1) a fraud/theft trial in United States v. Doss, Case No. 23-cr-00464-PA, which is set to begin trial on January 13, 2026, and estimated to last three days, with no further continuances to be granted; (2) a drug conspiracy trial in United States v. Quintero-Duarte, Case No. 24-cr-00124-JGB-2, which is set to begin trial on February 17, 2026, and estimated to last four days, with at least four continuances having already been granted and no further continuances expected; (3) a bank fraud trial in United States v. Mack, Case No. 24-cr-00128-HDV-2, which is set to

begin trial on February 24, 2026, and estimated to last three to four days, with at least three continuances having already been granted and no further continuances expected; (4) a multiple-defendant Hobbs Act robbery trial in <u>United States v. Aguilar</u>, Case No. 25-cr-00231-KK, which is set to begin trial on April 20, 2026, and estimated to last five days, with at least one continuance having already been granted and no further continuances expected; and (5) a seven-defendant mortgage fraud trial (with RICO/murder counts against other defendants) in <u>United States v. Henley (Blanton)</u>, Case No. 25-cr-00211-FLA-6, which is set to begin trial on May 5, 2026, and estimated to last two to three weeks, with at least one continuance having already been granted and no further continuances expected.

      d.    Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      e.    In light of the foregoing, counsel for the defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      f.    Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

       g.    The government does not object to the continuance.

       h.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 5, 2025 to July 28, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 22, 2025        Respectfully submitted,

                                TODD BLANCHE
                                Deputy Attorney General

                                BILAL A. ESSAYLI
                                First Assistant United States
                                Attorney

                                ALEXANDER B. SCHWAB
                                Assistant United States Attorney
                                Acting Chief, Criminal Division

                                    /s/
                                LYNDSI ALLSOP
                                MARIA ELENA STITELER
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

I am YULIETH KATHERINE TEJEDA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 28, 2026, is an informed and voluntary one.

_____        12/21/2025
CARLOS L. JUAREZ                 Date
Attorney for Defendant
YULIETH KATHERINE TEJEDA

I have read this stipulation and have carefully discussed it with my attorney. This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 28, 2026.

_/s/ Yulieth Tejeda_      12-21-2025
YULIETH KATHERINE TEJEDA    Date
Defendant

### CERTIFICATION OF INTERPRETER

I, ALEJANDRO L. FRANCO, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant YULIETH KATHERINE TEJEDA on this date.

_/s/ Alejandro L. Franco_      12/21/2025
INTERPRETER    Date

7